UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81216-CIV-MARRA

DAVID WAITE,

Plaintiff,

vs.

SPECIALIZED LOAN SERVICING, LLC,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint (DE 10).  The Motion is fully briefed and ripe for review.  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

On July 7, 2016, Defendant Specialized Loan Servicing, LLC ("Defendant") filed a notice of removal of Plaintiff David Waite's ("Plaintiff") two-count Complaint. (DE 1.)  The Complaint alleges violations of section 2605(k) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.  (DE 1.)  Count one of the Complaint seeks actual damages, whereas count two seeks statutory damages based on Defendant's "pattern and practice of refusal to comply" with RESPA.  (Compl. ¶ 33.)

According to the allegations of the Complaint, Defendant is a servicer of Plaintiff's mortgage. (Compl. ¶ ¶ 12-13.)  Plaintiff's attorney sent Defendant a written request for information ("RFI"). (Compl. ¶ 14; RFI, Ex. A to Compl.)  Based on the certified mail return

receipt and tracking number, the RFI was delivered to Defendant on March 24, 2016.[1] (Compl. ¶ 15; Receipt, Ex. B to Compl.)  Defendant responded with a letter dated March 24, 2016[2] that was postmarked March 28, 2016. (Compl. ¶ 16; Mar. 24, 2016 letter, Ex. C to Compl.)  Based on the failure to receive Defendant's response to the RFI on or before April 7, 2016, Plaintiff's counsel sent a Notice of Error ("NOE") letter to Defendant. (Compl. ¶ ¶ 15, 17; NOE, Ex. D to Compl.)

Defendant moves to dismiss the Complaint on the following grounds: (1) the claims pursuant to RESPA were manufactured solely to give rise to litigation and should be dismissed pursuant to the anti-absurdity canon; (2) the exhibits attached to the Complaint show that the RFI was not sent to the proper address and (3) the claim for statutory damages fails to set forth any facts regarding a pattern or practice of violating RESPA.

II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

---

[1] The letter was addressed to the zip code "80163." (Ex. A.) The tracking information, which is attached to the Complaint as an exhibit, shows that the post office delivered the letter to zip code "80129." (Ex. B.)

[2] Defendant's March 24, 2016 letter stated that future correspondence should be sent to zip code "80163." (Ex. C.)

(internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

The Court begins by addressing Defendant's request for dismissal pursuant to the "anti-absurdity canon" because Plaintiff's RFI was an "attempt to manufacture a technical statutory violation to obtain statutory damages." (Mot. at 1.) The recent case of Hudgins v. Seterus, Inc., — F. Supp. 3d —, 2016 WL 3636859 (S.D. Fla. June 28, 2016) addressed the application of this doctrine in the RESPA context:

> Courts have found the anti-absurdity doctrine inappropriate in cases such as this because the clear meaning of the statute should control before one attempts to divine congressional intent. If these cases are so clearly contrary to congressional intent, one would think that Congress would attempt to rectify erroneous judicial interpretations. Thus, under the facts of this particular case, the Court finds the anti-absurdity canon inapplicable.

Id. at * 7. Moreover, "the sole issue in a Rule 12(b)(6) motion is whether the Complaint states a claim upon which relief can be granted." Galeano v. Fed. Home Loan Morg. Corp., No.

3

12–61174–CIV, 2012 WL 3613890, at * 3 n.1 (S.D. Fla. Aug. 21, 2012).  For these reasons, the Court declines to apply the anti-absurdity canon to dismiss the Complaint.

The Court will now address Defendant's remaining arguments for dismissal.  To state a claim under RESPA for failure to respond properly to a request for information, "a plaintiff must allege: (1) the defendant is a loan servicer under the statute; (2) the plaintiff sent [the request] consistent with the requirements of the statute; (3) the defendant failed to respond adequately within the statutorily required days; and (4) the plaintiff has suffered actual or statutory damages." Correa v. Bac Home Loan Servicing, LP, No. 6:11–cv–1197–Orl–22DA, 2012 WL 1176701, at * 6 (M.D. Fla. Apr. 9, 2012).

The Court rejects Defendant's contention that the RESPA claim cannot proceed because the RFI was not sent to the proper address. (Mot. at 9.)   Despite the exhibits attached to the Complaint, the Court cannot make a determination as to the "proper" address at this stage in the proceeding.  Instead, the Court requires a more developed factual record.  Hence, Defendant may reassert this argument at the appropriate time.

With respect to the request for statutory damages in count two of the Complaint, the Court concludes it is inadequately pled.  Courts have interpreted the term "pattern or practice" as "a standard or routine way of operating." McLean v. GMAC Mortgage Corp., 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009) (quoting In re Maxwell, 281 B.R. 101, 123 (Bankr. D. Mass. 2002)). Failing to respond to one or two RFI does not constitute a "pattern or practice."  Id.; In re Tomasevic, 273 B.R. 682, 686 (Bankr. M.D. Fla. 2002).   The Eleventh Circuit has found five allegations of RESPA violations to be sufficient to state a pattern or practice claim. Renfroe v. Nationstar Mortgage, LLC, 822 F.3d 1241, 1247 (11th Cir. 2016).   Here, the Complaint alleges in

a conclusory fashion that Defendant violated RESPA "with respect to numerous loans it services," and contains no factual allegations supporting a "pattern or practice." (Compl. ¶ 33.) Thus, count two is dismissed. Plaintiff is given leave to amend this count, assuming he can do so in good faith.[3]

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint (DE 10) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall file an amended complaint within 14 days of the date of entry of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of September, 2016.

KENNETH A. MARRA
United States District Judge

---

[3] Plaintiff contends that he "should be allowed to keep certain matters in [his] back pocket, engage [ ] Defendant in discovery, see if Defendant's witness lies about all of the other times that Defendant has committed RESPA violations and then be able to use discovery and surprise to his advantage, and achieve justice for himself and those similarly situated." (Resp. at 13.) The Court reminds Plaintiff's counsel that this is not the proper approach to take in litigating in federal court. At the pleading stage, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.